# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1997 SESSION

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **C.C.A. No. 01C01-9610-CC-00447** |
| Appellee, | ) | |
| | ) | **MAURY COUNTY** |
| VS. | ) | |
| | ) | **HON. JAMES L. WEATHERFORD,** |
| | ) | **JUDGE** |
| JOHNNY LEE AMOS, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

**SHARA A. FLACY**
**(of counsel on appeal)**
District Public Defender
209 W. Madison St.
Pulaski, Tennessee 38478-1208

**JOHN R. WINGO**
**(at hearing & on appeal)**
Assistant Public Defender
128 North Second Street
P.O. Box 1208
Pulaski, Tennessee 38478-1208

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee   37243-0493

**T. MICHAEL BOTTOMS**
District Attorney General

**LEE BAILEY**
Assistant District Attorney General
10 Public Square
P.O. Box 1619
Columbia, Tennessee 38402-1619

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The appellant, Johnny Lee Amos,[1] appeals the order of the Maury County Circuit Court revoking his probation and requiring him to serve the balance of an eight (8) year sentence in the Tennessee Department of Correction. The sole issue presented for review is whether the trial court erred in revoking his probation and ordering the remainder of his sentence to be served in custody. The judgment of the trial court is AFFIRMED.

**FACTS**

On July 11, 1994, the appellant pled guilty to aggravated burglary and attempted burglary. He received concurrent suspended sentences of four (4) years and one (1) year, respectively. He was released on time served and placed on supervised probation. In January 1995, a probation violation warrant was issued based on 1) appellant's refusal to report to his probation officer and to supply the name of an employer; 2) failure to pay fees to the probation office; and 3) failure to pay court fees. The warrant was subsequently amended when appellant was arrested on a new burglary offense. An order was issued by the trial court in August 1995, which retired the warrant and allowed the appellant to remain on probation.

On August 14, 1995, the appellant was convicted of misdemeanor theft and the sale of .5 grams of cocaine. He was sentenced to concurrent terms of eleven (11) months, twenty-nine (29) days and eight (8) years, respectively. The sentences were suspended after appellant served 80 days.

On March 4, 1996, the appellant pled guilty to new charges of misdemeanor theft and evading arrest. He received concurrent sentences of eleven (11) months, twenty-nine (29) days. The judgments indicate he was to continue in his current probation status. Two weeks later the appellant tested positive for cocaine and

---

[1] Appellant's name is spelled both "Johnny" and "Johnnie" in various court documents.

marijuana.  As a result, another probation violation warrant was issued.  The warrant was later amended to include new charges against the appellant for arson and attempted aggravated arson.

During the revocation hearing, the appellant admitted to cocaine and marijuana use in violation of his probation.  The trial court revoked the appellant's probation and required the remainder of his eight (8) year sentence to be served in custody.

**CONCLUSION**

Although he admits to violating his probation, the appellant argues the trial court erred by ordering the balance of his sentence to be served in the Tennessee Department of Correction.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. § 40-35-310, 311.  The decision to revoke probation rests within the sound discretion of the trial court.  State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).  Probation revocations are subject to an abuse of discretion, rather than a *de novo* standard of review.  State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred.  Id.  The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision.  State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

At the revocation hearing, the appellant freely admitted to using cocaine and marijuana in violation of his probation.  He explained that the violation was in reaction to his girlfriend leaving him.  In response to questions by defense counsel, he stated that although it would be "nice" to go to a drug rehabilitation center, he did not have a drug problem.  The trial court revoked his probation.

3

The appellant was repeatedly given an opportunity to demonstrate he was suitable for probation; yet, he continued to violate the imposed conditions. The trial court did not abuse its discretion in revoking appellant's probation and reinstating his original sentence.  This issue is without merit.

The judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
J. CURWOOD WITT, JUDGE


_____
JOE H. WALKER, III, SPECIAL JUDGE